25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re Paul Benjamin BLOUGH, Debtor,
Paul Benjamin BLOUGH, Plaintiff-Appellant,
v.
Harold A. CORZIN, Trustee, Defendant-Appellee.
 No. 94-3006.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Paul Benjamin Blough, a pro se Ohio resident, appeals a district court judgment affirming a bankruptcy court's order directing that certain assets be turned over to the bankruptcy trustee. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The defendant has informed the court that he will not be filing a brief.
 
 
 2
 In February 1991, Blough filed for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code. Subsequently, the trustee for the bankruptcy estate filed an action against Merrill Lynch to turn over funds which the trustee believed belonged to Blough. A hearing was held on the trustee's motion on September 28, 1992. The bankruptcy court entered an order on October 7, 1992, directing that Merrill Lynch give the contested funds to the trustee. Blough did not oppose the motion or file exceptions to the bankruptcy court's order.
 
 
 3
 On April 19, 1993, Blough filed a notice requesting that the trustee return the Merrill Lynch funds to him. After a hearing, the bankruptcy court denied the request. Blough then filed an appeal with the United States District Court for the Northern District of Ohio essentially arguing that the Merrill Lynch funds were not a part of the bankruptcy estate and, therefore, should not have been turned over to the bankruptcy trustee. The district court affirmed the bankruptcy court's order.
 
 
 4
 In his timely appeal, Blough essentially contends that: (1) the district court's order was incomprehensible; (2) the district court deprived him of his Fifth Amendment right to a fair trial; (3) the district court should have conducted a hearing to determine whether the bankruptcy court had given him proper notice of the September 28, 1992, hearing; and (4) the Merrill Lynch property should not have been considered part of the bankruptcy estate. Blough requests oral argument.
 
 
 5
 This court independently reviews a bankruptcy court's decision. Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). The court is without authority to make independent findings of fact and reviews the findings of fact under the clearly erroneous standard. Review of the bankruptcy court's conclusions of law is de novo. Id.
 
 
 6
 Upon review, we conclude that the district court properly affirmed the bankruptcy court's decision. Blough did not file a notice of appeal within ten days of the bankruptcy court's October 7, 1992, order as required by Fed.Bankr.P. 8002(a). Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir.1994). A timely notice of appeal pursuant to Rule 8002(a) is mandatory and jurisdictional. In re Abdallah, 778 F.2d 75, 77 (1st Cir.1985), cert. denied, 476 U.S. 1116 (1986). An untimely notice of appeal deprives the district court and the court of appeals of jurisdiction to review the bankruptcy court's order. Id.; see also In re Mouradick, 13 F.3d at 327; Greene v. United States (In re Souza), 795 F.2d 855, 857 (9th Cir.1986). Because Blough did not attempt to appeal the bankruptcy court's decision, the bankruptcy court properly denied the motion to transfer, and the district court properly affirmed the bankruptcy court's order. Finally, Blough's remaining arguments are without merit.
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.